# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

April 24, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MICHAEL HALL,**
**Claimant Below, Petitioner**

**vs.)    No. 12-0948** (BOR Appeal No. 2046988)
                        (Claim No. 2007003949)

**MULLICAN LUMBER COMPANY, LP,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Michael Hall, by Barry Bruce and Jesseca Church, his attorneys, appeals the decision of the West Virginia Workers' Compensation Board of Review. Mullican Lumber Company, LP, by James Heslep, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 17, 2012, in which the Board reversed a March 2, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's April 13, 2011, decision which modified the claims administrator's March 25, 2011, decision which granted twenty-eight chiropractic visits through June 24, 2011. The claims administrator granted chiropractic visits through April 12, 2011. In its Order, the Office of Judges also reversed the claims administrator's April 18, 2011, decision which closed the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon material misstatements and mischaracterizations of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Hall, a lumber handler, was injured in the course of his employment when he pulled on a sixteen foot beam. His claim was held compensable for sprain/strain of the neck, lumbosacral, and thoracic region, as well as displacement of thoracic and cervical intervertebral

1

discs. He underwent a discectomy with fusion of the C6-7 discs in March of 2007. He began experiencing new and increased symptoms in 2010. Harold Fleschner, D.C., Mr. Hall's treating physician, found that he was totally disabled from December 20, 2010, until December 30, 2011. He opined that Mr. Hall was unable to work due to pain caused by his compensable injury. He requested approval for twenty-eight chiropractic visits and an MRI. The claims administrator granted that request in its March 25, 2011, decision.

Mr. Hall underwent an independent medical evaluation by Joseph Grady, M.D., on April 7, 2011. In that evaluation, Dr. Grady found that Mr. Hall had reached maximum medical improvement for his compensable injuries. He discovered that Mr. Hall had some myofascial tenderness that was likely the result of an exacerbation; however, he could not recall an episode of re-injury. Dr. Grady noted that Mr. Hall had undergone an MRI that day that was unavailable for review at that time. He stated that if new, significant structural abnormalities were found, a reevaluation by a spinal surgeon may be a consideration. Based upon this report, in its April 13, 2011, decision, the claims administrator granted Mr. Hall chiropractic visits until April 12, 2011. It also closed the claim for temporary total disability benefits in its April 18, 2011, decision.

Mr. Hall was evaluated a second time on July 29, 2011. In that independent medical evaluation, Robert Walker, M.D., found that Mr. Hall had reached maximum medical improvement. He suggested that he undergo a neurological consultation, because spinal cord impingement was causing progressive neurological impairment. Dr. Walker added an addendum to his report on September 14, 2011. He clarified that Mr. Hall's current symptoms were the result of an exacerbation of his original injury and required additional studies, including a neurosurgical evaluation and an MRI. He stated that Mr. Hall had reached maximum medical improvement for his compensable injuries but not for the exacerbation.

In its March 2, 2012, Order, the Office of Judges reversed the decisions of the claims administrator and ordered that Mr. Hall be granted twenty-eight chiropractic visits as well as temporary total disability benefits from December 20, 2010, to August 26, 2011, and for such other time periods as substantiated by proper medical evidence. It determined that Dr. Grady stated in his report that if the MRI taken that same day showed any new, significant structural abnormalities a reevaluation by a spinal surgeon may be a consideration. Because the claim was reopened for treatment, the Office of Judges reasoned that Mr. Hall should receive that treatment. It determined that Dr. Grady's finding, that Mr. Hall was at maximum medical improvement, was not inconsistent with him having sustained an exacerbation of his symptoms. There was no evidence in the record that he was found to be at maximum medical improvement prior to Dr. Grady's evaluation. Dr. Walker also found Mr. Hall to be at maximum medical improvement, but he too noted that he had suffered an exacerbation of his compensable injury. The Office of Judges concluded that, based upon the reports of Dr. Grady and Dr. Walker, Mr. Hall had suffered an exacerbation or re-injury of his compensable injury.

The Board of Review reversed the Order of the Office of Judges and reinstated the claims administrator's decisions in its July 17, 2012, decision. It determined that the evidence demonstrated Mr. Hall reached maximum medical improvement in April of 2011. After that determination, Dr. Walker and Dr. Fleschner documented new findings with respect to Mr.

Hall's lower back and lower extremity. The Board of Review found that the preponderance of the evidence failed to show that these findings were present in April of 2011. The exacerbation of the compensable injury was determined not to be the issue with regards to the claims administrator's decision. The Board of Review therefore concluded that the Office of Judges' findings relating to additional temporary total disability benefits and chiropractic treatment were in excess of its statutory authority or jurisdiction.

This Court finds that the decision of the Board of Review is based upon material misstatements and mischaracterizations of the evidentiary record. Though Dr. Grady found Mr. Hall to be at maximum medical improvement, he stated that if an MRI showed new, significant findings, a reevaluation would be needed. His finding is not inconsistent with Mr. Hall having sustained an aggravation or progression of his compensable injury. Similarly, Dr. Walker found Mr. Hall to be at maximum medical improvement but he noted that he had suffered an exacerbation of his compensable injury. He opined that Mr. Hall had not reached maximum medical improvement for the exacerbation. Additionally, Dr. Fleschner determined that Mr. Hall was totally disabled as a result of his compensable injury and has been since December 10, 2010. Accordingly, Mr. Hall is entitled to the requested twenty-eight chiropractic visits and well as temporary total disability benefits from December 20, 2010, through August 26, 2011, and further as substantiated by proper medical evidence.

For the foregoing reasons, we find that the decision of the Board of Review is based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed and remanded with instructions to grant Mr. Hall twenty-eight chiropractic visits, as well as temporary total disability benefits from December 20, 2010, through August 26, 2011, and further as substantiated by proper medical evidence.

Reversed and Remanded.

**ISSUED:   April 24, 2014**

**CONCURRED IN BY:**
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin